## Municipal Regulation of Vehicular Traffic.

*Municipalities—Vehicular traffic—Ordinances—Application of fines—Act of May 11, 1927.*

Cities and boroughs are authorized, under the Act of May 11, 1927, P. L. 886, to pass ordinances with regard to signal lights erected, installed and operated by such municipalities for the regulation of vehicular traffic, and they may, in such ordinances, provide penalties and retain the fines where violations of the ordinances have occurred and fines have been collected.

Department of Justice. Opinion to Hon. James L. Stuart, Secretary of Highways.

Koch, Dep. Att'y-Gen., Sept. 28, 1927.—In your letter of Sept. 4, 1927, you ask this department to outline for the Department of Highways the subjects upon which cities and boroughs are empowered to pass ordinances regarding vehicular traffic, under the provisions of the Vehicle Code, approved May 11, 1927, P. L. 886, and effective Jan. 1, 1928. You also ask to be advised as to what fines or penalties may be retained by the cities or boroughs of the Commonwealth instead of being paid into the State Treasury.

The particular question that has arisen is whether cities and boroughs are authorized and empowered to pass ordinances with regard to signal lights erected, installed and operated in and by said cities and boroughs, and whether they may, in such ordinances, provide penalties and retain the fines in such instances where violations of the ordinances have occurred and fines have been collected.

Section 1033 provides: "Local authorities, except as expressly authorized by this act, shall have no power or authority to alter any speed limitations

declared in this act or to enact or enforce any ordinance, rule or regulation contrary to the provisions of this act, except that local authorities shall have power to provide, by ordinance, for the regulation of traffic, by means of traffic officers or semaphores or other signaling devices, on any portion of the highway where traffic is heavy or continuous, and may regulate or prohibit parking, or prohibit other than one-way traffic, upon certain highways, and may regulate the use of the highways by processions or assemblages."

This section clearly gives the local authorities the right to provide by ordinance for the regulation of traffic under the circumstances outlined in said section. Section 1039 authorizes the local authorities to erect appropriate signs for the purpose of giving notice of local parking and other special regulations.

Section 1216 provides as follows: "Any city, borough, incorporated town, township or county which enforces an ordinance or resolution on a matter concerning which authority is expressly delegated to said authorities by this act, or for traffic matters not covered by this act, may impose a fine of not more than fifty ($50) dollars, to be collected by summary conviction before any mayor, burgess, magistrate, alderman or justice of the peace as fines and penalties are now by law collected. In the event of non-payment of fine and costs of prosecution, the mayor, burgess, magistrate, alderman or justice of the peace may sentence any person convicted of violating an ordinance or resolution to undergo imprisonment for a period of not exceeding ten (10) days: provided, that any person so convicted shall have the right of appeal as in other cases of summary conviction; and further provided, that any person accused of violating a local ordinance or resolution enforced under the authority of this act may waive summary hearing and give bond, in a sum equal to double the amount of the maximum fine that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court in counties wherein such courts exist; and thereupon the mayor, burgess, magistrate, alderman or justice of the peace shall, within fifteen (15) days, return the complaint or information to the said court; and if any person so accused shall be convicted in such court of the offense charged, he shall be fined as prescribed by said ordinance or resolution, or, in event of non-payment of such fine and costs of prosecution, to suffer imprisonment for a period not to exceed ten (10) days. All fines and bail forfeited as provided for in this section shall be paid to the treasurer of such city, borough, incorporated town or township for the construction, repair and maintenance of the highways thereof. No operator or driver of a vehicle violating any of the provisions of this act shall, upon conviction, be fined under any ordinance or resolution except on those matters concerning which authority is expressly delegated to local authorities by this act."

Section 1211 provides that all fines and penalties collected under the provisions of this act for violation of the same shall be paid to the State Treasurer, except those collected for violations of the provisions as to speed or weight, which fines and penalties shall be paid to the treasurer of the municipality for the construction, repair and maintenance of the highways thereof. There is no conflict between sections 1211 and 1216, in our opinion, and there should be no difficulty in interpreting these sections when read together. But it is suggested that section 1040, providing for signal interpretations, might have some weight in support of the view that the State Treasurer should receive fines collected for violation of ordinances regulating traffic-signal lights. This suggestion is not convincing. Signal lights and semaphores are

installed by the municipalities interested and are maintained and operated at their expense, which in some cases is not inconsiderable. It is, therefore, only fair that the municipalities should have the right to fines collected for violations of ordinances for the regulation of traffic by signal lights or semaphores. And this is what we think the legislature intended. It will be noted that section 1203 does not provide a penalty for violations of section 1040.

Section 1040 merely provides a uniform State-wide interpretation of signal lights so that the motorist, in going from one municipality to another, does not find himself confronted with varying interpretations imposed by different ordinances. This section compels municipalities in the passage and enforcement of their ordinances to a uniformity in regard to the interpretation of signal lights throughout the State. No ordinance may in anywise contravene any of the provisions of section 1040.

It is, therefore, the opinion of this department that cities, boroughs, incorporated towns and townships may lawfully pass ordinances providing for the regulation of traffic by means of traffic officers, semaphores, traffic-control lights or other signaling devices on any portion of the highways within their proper jurisdiction where traffic is heavy or continuous. In such cases, the municipal law-making bodies are to be the judges as to where such traffic policemen, semaphores or other signaling devices or traffic control lights shall be maintained.

In addition, such municipalities may regulate or prohibit parking or prohibit other than one-way traffic upon certain highways within their respective jurisdiction, and they may regulate the use of highways by processions or assemblages.

In such ordinances, the penalties provided may be a fine of not more than fifty ($50) dollars, to be collected by summary conviction in the manner provided by section 1216 of the act. Such fines belong to the municipality for the construction, repair and maintenance of the highways thereof.

Of course, it is needless to say that no ordinance may in any way contravene, curtail or alter any of the explicit provisions of the Vehicle Code, and the power of local authorities is expressly restricted to the cases mentioned in section 1033 and hereinabove discussed at length and to "traffic matters not covered by this act." Section 1216.

It will be noted that section 1039 provides that local parking and other special regulations shall not be enforceable against an alleged violator if, at the time and place of the alleged violation, an appropriate sign, giving notice thereof, is not in proper position and sufficiently legible to be seen by an ordinarily observant person.

And section 1216 concludes with the proviso that no operator or driver of a vehicle violating any of the provisions of this act shall, upon conviction, be fined under any ordinance or resolution except on those matters concerning which authority is expressly delegated to local authorities by the act.

Municipal authorities must not overlook the requirements of section 1204:

"(a) All prosecutions for offenses defined in this act, except as otherwise herein provided, committed by any person shall be brought under this act, and not under any local ordinance, rule or regulation.

"(b) All prosecutions instituted under local ordinances, rule or regulation which are based on acts for which there is a specific penalty provided in this act shall be deemed and considered as having been brought under this act."

The foregoing limitations must, of course, be borne in mind by municipalities in the enactment and the enforcement of their traffic ordinances.

From C. P. Addams, Harrisburg, Pa.